**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA JIMENEZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-1060 (JAG) |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | : **OPINION** |
| Defendant. | : |

**GREENAWAY, JR., U.S.D.J.**

**INTRODUCTION**

Plaintiff Maria Jimenez, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g),[1] seeks review of the Commissioner of Social Security Administration's ("Commissioner") decision denying in part her application for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. Plaintiff argues that the decision is not supported by substantial evidence and should be reversed. For the reasons set forth in this Opinion, this Court finds that the Commissioner's decision will be reversed as to the date of onset of disability.

---

[1] These sections of the Social Security Act (hereinafter "Act") provides that any individual may obtain a review of any final decision of the Secretary of Health and Human Services ("Secretary") made subsequent to a hearing to which he or she was a party. The federal district court for the district in which the plaintiff resides is the appropriate place to bring such action. 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff filed applications for supplemental security income and disability insurance benefits on November 5, 1997. After a series of hearings and appeals within the Social Security Administration,[2] on March 26, 2003, Administrative Law Judge Dennis O'Leary (the "ALJ") issued his decision, in which he found that Plaintiff was disabled as of April 1, 1998. Plaintiff does not dispute the finding of disability. The only issue in this appeal is the date of onset of the disability.

**DISCUSSION**

**A.     Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. Section 405(g). This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988) (citing Stunkard, 841 F.2d at 59). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981). Furthermore, the reviewing court is not "empowered to weigh the evidence or substitute its

---

[2]A second, independent application is not at issue in this appeal.

conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In the determination of whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981). Where there is substantial evidence to support the Commissioner's decision, it is of no consequence that the record contains evidence which may also support a different conclusion. Blalock, 483 F.2d at 775.

**B.**     **Statutory Standards**

The claimant bears the initial burden of establishing his or her disability. 42 U.S.C. Section 423(d)(5). To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled." 42 U.S.C. § 1381. A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any

other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); see also Nance v. Barnhart, 194 F. Supp. 2d 302, 316 (D. Del. 2002). Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability. 42 U.S.C. § 423(d)(5)(A). An impairment only qualifies as a disability if it "results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

### C.     The Five Step Evaluation Process and the Burden of Proof

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520. At the first step of the review, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[3] 20 C.F.R. § 404.1520(b). If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied. Id.; Bowen v. Yuckert, 482 U.S. 137, 141 (1987).

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. §§ 404.1520(a)(ii), (c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Id. In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered. Id. If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process. At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1594(f)(2). If the claimant's impairment(s) meets

---

[3] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

4

or equals one of the listed impairments, he will be found disabled under the Social Security Act. If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.

In <u>Burnett v. Comm'r of Soc. Sec.</u>, 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[4] apply and give reasons why those listings are not met or equaled. In <u>Jones v. Barnhart</u>, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that an ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis," but must merely ensure "that there be sufficient explanation to provide meaningful review of the step-three determination." An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing." <u>Scatorchia v. Comm'r of Soc. Sec.</u>, 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is able to perform his past relevant work, he will not be found disabled under the Act. If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step. At the fifth step, the burden of production shifts to the commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. 20 C.F.R. §

---

[4] Hereinafter "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

404.1560(c)(1).  If the ALJ finds a significant number of jobs that claimant can perform, claimant will not be found disabled.  Id.

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled."  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  Moreover, "the combined impact of the impairments will be considered throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523; Parker v. Barnhart, 244 F. Supp. 2d 360, 369 (D. Del. 2003).  However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits.  See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability); see also Marcus v. Barnhart, 2003 WL 22016801 at *2 (E.D. Pa. Jun. 10, 2003) (stating that "the burden was on [Plaintiff] to show that the combined effect of her impairments limited one of the basic work abilities").

**D.    Analysis**

On March 26, 2003, ALJ O'Leary issued his decision, in which he concluded that Plaintiff was disabled, with a disability onset date of April 1, 1998.  Plaintiff's brief offers three main arguments in support of reversal.  First, over five pages of the brief consist of a tirade against an expert whose testimony the ALJ rejected.[5]  Second, Plaintiff gives lengthy emphasis to one set of conflicting findings in the ALJ's opinion.  Third, Plaintiff contends that Plaintiff's 1998 employment does not qualify as substantial gainful activity under the regulations.

---

[5]Because the ALJ rejected the testimony of Dr. Chirls, Plaintiff's argument on this point is irrelevant.

*1.     The conflicting findings in the ALJ's decision*

Plaintiff points to an important conflict within the decision on the issue of the date of onset of the disability. On the first page, the ALJ states: "After a thorough evaluation of the entire record, the Administrative Law Judge concludes that the claimant has been disabled since April 24, 1997." (Tr. 15.) Yet, at the end, the ALJ concludes that the claimant has been disabled since April 1, 1998. (Tr. 18.) Although, ultimately, this Court finds that the ALJ's conclusion was in error, this Court does so not based on the conflicting statements, which Plaintiff gives the greatest emphasis to. Rather, as will be discussed below, the ALJ's failure to follow the regulations in making the conclusion is the crucial error.

The ALJ's reasoning, which accounts for these conflicting statements, is based on the evidence that Plaintiff worked during the first quarter of 1998. (Tr. 17.) The ALJ based his conclusion that Plaintiff had worked in 1998 on three sources of information. First, the earnings record shows that the claimant posted earnings, paid by West Marine Products, of $10,035 in 1997 and $1,002 in 1998. (Tr. 79.) The ALJ wrote in his decision, "At the hearing no explanation for this was made." (Tr. 17.) After the hearing, the ALJ requested information from West Marine Products, which submitted a Statement of Employer which documents that Plaintiff was paid $1,002 as "FICA Wages" during the first quarter of 1998. (Tr. 67.) The ALJ concluded from this evidence that Plaintiff had been gainfully employed during the first quarter of 1998, a period for which she was claiming to have been disabled. The ALJ's conclusion about Plaintiff's employment in 1998 is supported by substantial evidence. The ALJ based his conclusion about the date of onset of disability on his finding that Plaintiff had worked during the first quarter of 1998, and so, in turn, this conclusion is supported by substantial evidence.

Plaintiff argues that the conflicting statements about the date of onset show that the ALJ's

decision is so defective that it must be reversed or remanded. This is unpersuasive. While the ALJ's written expression of his decision is indeed confusing, the decision itself is not defective because of the conflicting statements. The ALJ weighed all of the evidence in the record and found that, while there was substantial evidence for an onset date of April 24, 1997, the evidence that Plaintiff had worked during 1998 required the conclusion that Plaintiff had not been disabled until April 1, 1998. This conclusion is both rational and supported by substantial evidence.[6]

Plaintiff argues that the conflict shows that the ALJ did not follow the five-step analysis properly, as required by statute, but erred by putting step 1 considerations at or after step 5. This mischaracterizes what the ALJ did. The ALJ followed the five-step analysis and found that Plaintiff was disabled. Having done so, he proceeded to consider the question of the date of onset of the period of disability. It was at that point that he revisited the issue of employment during the period of claimed disability. This was neither impermissible under the statute nor unreasonable. To the contrary, if a claimant claims to have been disabled at a time that she was actually working, it would be unreasonable to disregard this completely.

    *2.     Did the ALJ err in his consideration of Plaintiff's 1998 employment?*

Plaintiff argues that the evidence that she earned $1,002 during the first three months of 1998 means that she earned $334 during each of those months, and that Social Security regulations "absolutely define that recompense as 'not substantial gainful activity.'" (Pl. Br. 19.) Curiously, Plaintiff provides no citation for this regulation. Moreover, Plaintiff argues that, in 1998, "a disabled worker could earn over $600.00 per month and not have those earnings considered to be substantial gainful activity." (Id.) Again, Plaintiff provides no authority for this

---

[6] As will be discussed below, the problem with this conclusion is that it is contrary to law.

assertion. Nonetheless, the relevant regulations are easily found.

As noted above, in performing his analysis, the ALJ must follow the five-step process outlined in 20 C.F.R. § 404.1520. At step 1, the ALJ examines the question of whether the claimant has engaged in substantial gainful activity, pursuant to the regulations, 20 C.F.R. §§ 404.1510 and 404.1571-404.1576. The process of evaluating employment income is described in detail in 20 C.F.R. § 404.1574.[7] In addition to providing guidelines for the evaluation of income levels, this regulation has a set of provisions related to unsuccessful work attempts:

> (c) The unsuccessful work attempt. -- (1) General. Ordinarily, work you have done will not show that you are able to do substantial gainful activity if, after working for a period of 6 months or less, your impairment forced you to stop working or to reduce the amount of work you do so that your earnings from such work fall below the substantial gainful activity earnings level in paragraph (b)(2) of this section, and you meet the conditions described in paragraphs (c)(2), (3), (4), and (5), of this section. We will use the provisions of this paragraph when we make an initial determination on your application for disability benefits and throughout any appeal you may request. Except as set forth in § 404.1592a(a), we will also apply the provisions of this paragraph if you are already entitled to disability benefits, when you work and we consider whether the work you are doing is substantial gainful activity or demonstrates the ability to do substantial gainful activity.
>
> (2) Event that must precede an unsuccessful work attempt. There must be a significant break in the continuity of your work before we will consider that you began a work attempt that later proved unsuccessful. You must have stopped working or reduced your work and earnings below the substantial gainful activity earnings level because of your impairment or because of the removal of special conditions that were essential to the further performance of your work. We explain what we mean by special conditions in § 404.1573(c). We will consider your prior work to be 'discontinued' for a significant period if you were out of work at least 30 consecutive days. We will also consider your prior work to be 'discontinued' if, because of your impairment, you were forced to change to another type of work or another employer.
>
> (3) If you worked 3 months or less. We will consider work of 3 months or less to

---

[7]Defendant concedes the applicability of 20 C.F.R. § 404.1574 by arguing, in its brief, that Plaintiff's earnings exceed that allowed by that regulation. (Def.'s Br. 5.) Defendant's counsel appears not to have read that regulation in its entirety.

>   be an unsuccessful work attempt if you stopped working, or you reduced your
>   work and earnings below the substantial gainful activity earnings level, because of
>   your impairment or because of the removal of special conditions which took into
>   account your impairment and permitted you to work.

20 C.F.R. § 404.1574(c).

The evidence in the record shows that Plaintiff did not work in the last six months of 1997, and thus she meets the requirements under 20 C.F.R. § 404.1574(c)(2) for a break in employment continuity preceding her work in 1998. The evidence also shows that Plaintiff's work in 1998 was for three months or less which, under 20 C.F.R. § 404.1574(c)(3), is an unsuccessful work attempt. Thus, following 20 C.F.R. § 404.1574(c)(1), the ALJ should not have concluded that the evidence showed that Plaintiff did substantial gainful work activity in 1998. The ALJ's decision is contrary to law, the regulations which establish guidelines for the determination of substantial work activity. It is clearly erroneous and not supported by substantial evidence.

This constitutes reversible error. This Court will reverse the ALJ's determination that Plaintiff had substantial gainful activity in 1998, and that the date of onset of her disability is April 1, 1998. Prior to examining the income evidence, the ALJ had concluded that Plaintiff had been disabled with a date of onset of April 27, 1997. As a result of this Court's reversal of the ALJ's finding that Plaintiff had substantial gainful activity in 1998, this Court determines that Plaintiff has been disabled with a date of onset of April 24, 1997.

## CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's determination of Plaintiff's date of onset of disability is clearly erroneous, contrary to law, and not supported by substantial evidence, and the Commissioner's decision as to the date of onset is REVERSED. This Court determines – as did the Administrative Law Judge initially – that Plaintiff's disability began on April 27, 1997.  This Court directs the Commissioner to award Plaintiff benefits in accord with this Opinion.


     S/Joseph A. Greenaway, Jr.
     JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: March 28, 2006